MEMORANDUM *
Defendant John Lewton appeals his conviction for violating 36 C.F.R. § 261.10(c) by filming a bighorn sheep hunt for profit without a required special use permit for engaging in commercial activity on National Forest Land. Lewton contends that the government’s evidence is insufficient to support the guilty verdict because the government proved only that he took still digital photos, not video. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
In evaluating a sufficiency of the evidence claim, we “consider the evidence presented at trial in the light most favorable to the prosecution.” United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir.2010) (en banc). We may affirm the conviction if the evidence “is adequate to allow any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.” Id. (emphasis and alteration in original) (internal quotations omitted). We think the direct and circumstantial evidence presented to the magistrate judge sitting as the trier of fact was sufficient to meet the Supreme Court standard. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The evidence established that on August 29, 2008, Phillip Ripepi e-mailed Lewton seeking to hire him to film Ripepi’s upcoming bighorn sheep hunt due to the high quality of Lewton’s previous hunting videos, which are advertised on the internet and have earned Lewton worldwide recognition. Following that e-mail, the two entered into a $7,000 contract for both video and still photography of the hunt, which Ripepi ultimately paid in full after he shot and killed a bighorn ram on federal land in Montana. Lewton used his large and bulky Canon video recorder/camera throughout the three-day hunt in October 2008. Ripepi testified that he saw Lewton using the video recorder/camera while he hunted for the sheep, and he “assumed” Lewton was filming those activities. After the hunt, Ripepi paid Lewton the $7,000 he owed under the contract and he e-mailed Lewton the following day saying, “I cannot wait for the photos and DVD.” After searching Lewton’s taxidermy shop and truck on October 7, 2008, following the successful hunt, game wardens recovered 193 still photos but found no video data. The officers also recovered documents in Lewton’s shop downloaded from the internet regarding commercial use permits with the headings “Filming on Public Lands” and “When You’re Required to Have a Film Permit.” Lewton suggests that any video taken of the hunt ending a day earlier should have been seized with the camera and photos. However, he had already transferred the digital photos of the hunt off of his camera and onto his shop laptop, and therefore he had ample opportunity to remove the video data as well.
While we can certainly appreciate that had our dissenting colleague been sitting as the trier of fact she would have voted to acquit, that is not the scope of our review. We cannot say on this evidence that no reasonable fact finder could have found Lewton guilty. It strains common sense to think that Ripepi paid $7,000 for only *753 still photos when he specifically hired Lew-ton to -video his “hunt of a lifetime.”
While the government did not produce actual video evidence at trial, this evidence was not required to sustain its burden of proof. We think there is nonetheless sufficient direct and circumstantial evidence to permit a rational trier of fact to find Lew-ton guilty beyond a reasonable doubt under the Jackson standard for conducting a business activity or service for commercial benefit and private financial gain, without permit, license, or other lawful authority to conduct such business activity on National Forest lands in violation of 36 C.F.R. § 261.10(c).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.